UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CITIBANK (SOUTH DAKOTA) N.A.,**

    **Plaintiff,**

**v.**                                                        **Case No. 8:05-CV-876-T-30MSS**

**LINDA M. MASSE,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand Case to State Court (Dkt. #6) and Defendant's response. The Court, having considered the motion and memoranda, and being otherwise fully advised, determines that this case should be remanded to state court.

Defendant has removed this action, alleging that this Court has federal question subject matter jurisdiction based upon the Fourth and Fifth Amendments of the United States Constitution. Plaintiff's complaint filed in state court asserts a cause of action for recovery of credit card debt. Defendant has not presented any facts establishing her right to remove based upon the Fourth and Fifth Amendments of the United States Constitution. Removal based on subject matter jurisdiction is proper only when a federal question appears on the face of the complaint. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002) (holding that the well-pleaded-complaint rule governs whether a case arises under federal jurisdiction).

Furthermore, Defendant's Notice of Removal is untimely. Defendant was served with the Complaint on February 25, 2003, and a final judgment was entered against Defendant on February 9, 2004. Pursuant to 28 U.S.C. § 1446(b), the notice of removal of a civil action shall be filed within thirty days after the receipt by the defendant of the initial pleading. The Notice of Removal was not entered until May 9, 2005, thus, Defendant is untimely.

Additionally, pursuant to 28 U.S.C. § 1446(a), an action must be pending in the State Court to be eligible for removal. There is no pending action in the State Court to be removed to this Court because a final judgment was entered on February 9, 2004.

Finally, pursuant to 28 U.S.C. § 1447(c), an order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Defendant's legal contentions are not warranted by existing law or by a nonfrivolous argument. In order to be eligible for removal, an action must be pending. If no action is pending it is plainly obvious that removal is not proper. Accordingly, Defendant is liable for reasonable attorney's fees and costs incurred by Plaintiff.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand Case to State Court (Dkt. #6) is GRANTED. The Court finds that this action should be remanded to state court and Plaintiff is entitled to an award of reasonable attorney's fees and costs from Defendant.

2. The Clerk is directed to **remand** this case to the County Court of Sarasota County for all further proceedings. The Clerk is also directed to forward a certified copy of this Order to that Court.

3. The Clerk is directed to CLOSE this file and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on July 11, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2005\05-cv-876.order.wpd